IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            :
                             :      Case No: 1606009678
                             :      In and For Kent County
        v.                   :
                             :
RICHARD A. MCLAMB,           :
                             :
        Defendant.           :

## **O R D E R**

Counsel for Defendant has filed two Motions for Suppression: one, to suppress DNA evidence; two, to suppress the statement given by Defendant to the investigating Detective Wright.

As to the former, Defendant asserts that the Affidavit supporting the search warrant fails to provide sufficient facts within its "four corners" to create a reasonable basis of probable cause, thereby invalidating the warrant and making inadmissible the fruits of the search utilizing that warrant. Specifically, Defendant claims that a sufficiently logical nexus between the DNA sought and the place of its location and prosecutorial purpose does not exist. Defendant's argument fails.

Affiant Wright, in his search warrant application, describes in extensive detail that the DNA biological evidence is sought from Defendant's person, and must be recovered promptly, because of its perishable nature. Additionally, he avers that, upon interviewing the victim, the Defendant was specifically identified, his alleged criminal actions were described graphically, and his flight from the police noted.

In sum, the warrant was properly issued by the Justice of the Peace, based upon quite adequate and adequately asserted grounds.

As to the latter, Defendant seeks to suppress the statement provided by him to

Detective Wright on the basis that, though he was in custody, he was not properly "Mirandized." The transcript of Defendant's statement shows that Detective Wright began by introducing himself as a State Police Detective. He then said: "First thing I'm going to do is read you your rights." He then did so properly. He concluded by asking if Defendant understood and wanted to speak to the Detective.

While Defendant's first response was: "As far as what?," he followed that directly by talking about some background to the incident.

Detective Wright repeated: "Do you wish to speak, or do you not want to speak?" Defendant responded: "I did." Detective Wright then reiterated that: "If at any point you want to stop...," and Defendant commenced talking. All of that is on pages 2, 3 and 4 of the transcript.

Defendant then, completely voluntarily spoke for the next 4 ½ pages. All of that discussion is admissible, since it followed properly administered Miranda warnings.

Beginning on page 9 line 9, Defendant stated: "You know, I want to talk to a lawyer...I have a right." From that point forward, anything said by Defendant will be suppressed.

Accordingly, Defendant's Motion to Suppress DNA Evidence is **DENIED**; Defendant's Motion to Suppress his Statement is **DENIED in part** and **GRANTED in part**, as specified above.

**SO ORDERED** this 24th day of January, 2017.

                           /s/ Robert B. Young
                                      J.

*State v. McLamb*
*Case No.: 1606009678*
*January 24, 2017*

RBY/lmc

oc:    Prothonotary

cc:    Denise L. Weeks-Tappan, Esquire
        Alexander W. Funk, Esquire
        Opinion Distribution